Melissa G. King, Reg. No. 62944-054
FCC Coleman Medium Satellite Camp
P.O. BOX 1027
Coleman, FL 33521



The Honorable John G. Koeltl, U.S.D.J.
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1030
New York, NY 10007-1312

Re: United States v. Melissa King, 14 Cv. 7962 (JGK)

November 26, 2014

Dear Judge Koeltl:

    The petitioner respectfully submits this letter in response to the government's motion for an extension of time, dated November 6, 2014, which requested an additional 90 (ninety) days, until March 8, 2015, to respond to the petitioner's motion to vacate (the motion), which was filed on or about September 24, 2014.

    The petitioner would like to note that the address and registration number included in the government's submission does not appear to be correct. The proper address and registration number are as follows:

        Melissa King, Reg. No. 62944-054
        FCC Coleman Medium Satellite Camp
        P.O. BOX 1027
        Coleman, FL 33521

    This is significant, as the petitioner received the government's motion, dated November 6, 2014, on or about November 13, 2014, and received the Court Order, dated November 7, 2014, on or about November 12, 2014. Therefore, as the government's request was received at a later date, the petitioner would like to correct this information, as it is possible that the delay was due to the different address and registration number included in the government's submission.

    In addition, the petitioner would like to note that 150 (one hundred fifty) days is not an insignificant amount of time for an individual who was determined to be totally and permanently disabled and who is currently serving an unwarranted sentence; for an

1

individual who is currently struggling with her medical conditions and with the medications and treatments that are available to treat her medical conditions at this time; and for an individual whose medical conditions cannot be properly addressed in her current environment (or in any type of facility, which is clear, as she has a compromised immune system and has faced numerous infections since self-surrendering at FCI Coleman).

Further, the petitioner would like to note that the government has had the basis of the majority of the claims (excluding the Sixth claim) for over a year, as well as most of the attached exhibits (excluding Exhibit 2), as the basis of the claims were discussed in the petitioner's letters (including the letters dated in or about June of 2013, in or about July of 2013, and in or about September 9, 2013), and as most of the exhibits were either attached to the petitioner's letters (dated in or about June of 2013, in or about July of 2013, and in or about September 9, 2013) or were presented to the Court during the proceedings.

Moreover, the petitioner would like to note that much of the motion serves to point out that the government has had most of the significant information from the beginning – from knowledge of KingCare's extensive work-product, to knowledge of the extensive KingCare office(s), to early knowledge of the deferral of compensation. Therefore, even though the motion "asserts seven claims, spans 290 pages, and appends approximately 100 pages of exhibits," it seems that the government should be very familiar with the information included in the motion, and should require less than 150 (one hundred fifty) days to answer the claims included in the motion at this point.

In addition, the petitioner would like to note that she believes that her defense attorney improperly waived her attorney-client privilege for the 96 boxes in or about September of 2011; therefore, as it is November of 2014, the government has had over three years to review and index these materials. Further, the petitioner would like to note that she does not believe that the privilege status of these materials was properly resolved, and that the privilege status of much of the materials should still be in dispute.

Finally, it should be noted that the materials contained in the 96 boxes are very important to the petitioner's defense, so it is very important that these materials are properly maintained at this time.

In conclusion, the petitioner hopes that 150 (one hundred fifty) days is sufficient for the government to file its submission and hopes that the government is aware of the complications associated with the materials that it removed from the KingCare offices and is aware that these materials must be preserved for the petitioner's defense at this time.

Respectfully,

*Melissa G. King*
Melissa G. King

CC: (3) Copies Enclosed

2

